IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CODY CHRISTOPHER APPLEGATE,<br><br>Defendant. | CR 21-13-M-DWW-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Cody Christopher Applegate (Applegate) has been accused of violating the conditions of his supervised release. (Docs. 67 and 69). Applegate admitted the alleged violations. Applegate's supervised release should be revoked. Applegate should be sentenced to custody for 8 months with 22 months of supervised release to follow. During the term of supervised release, Applegate shall be placed in a secure substance abuse treatment facility for a term up to 60 days at the direction of his probation officer. Upon completion of substance abuse treatment, Applegate shall be placed at a residential re-entry center for a term of up to 180 days, at the direction of his probation officer.

## II. Status

On June 17, 2021, Applegate pleaded guilty to the offense of Possession of Firearm by Prohibited Person, in violation of 18 U.S.C. §§ 922(g) as charged in Count 4 of the Indictment. (Doc. 20). Applegate was sentenced to 36 months of custody, followed by 3 years of supervised release. (Doc. 37). Applegate's current term of supervised release began on August 11, 2026.

**Petition**

On October 2, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Applegate's supervised release. (Doc. 67). The Petition alleged Applegate violated the conditions of his supervised release by: (1) committing other federal, state or local crimes by being charged on August 18, 2026, in Billings, Montana, with the misdemeanor offense of Theft, in violation of Mont. Code Ann. § 45-6-301(1), and being charged on September 18, 2026, in Billings, Montana, with the offenses of Driving Without a Valid Driver's License, in violation of Mont. Code Ann. § 61-5-102 and Operating Without Liability Insurance - 3rd Offense, in violation of Mont. Code. Ann. § 61-6-301; (2) failing to comply with substance abuse testing requirements on August 31, 2026, by using synthetic urine; and (3) using marijuana on or about August 25, 2026.

**Amended Petition**

On October 19, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Applegate's supervised release. (Doc. 69). The Amended Petition alleged Applegate had additionally violated the conditions of his supervised release by: (4) using methamphetamine from approximately October 2, 2026, to October 15, 2026 and using marijuana on October 13, 2026.

**Initial Appearance**

Applegate appeared before the Court on October 20, 2026. Applegate was represented by counsel. Applegate stated that he had read the Amended Petition and that he understood the allegations against him. Applegate waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Applegate appeared before the Court on October 20, 2026. Applegate admitted that he had violated the conditions of supervised release as set forth in allegations 2-4 of the Amended Petition. The Government moved to dismiss allegation 1, which the Court granted. Applegate's admitted violations, 2-4, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Applegate appeared before the Court on October 20, 2026. Applegate's violations are Grade C. His criminal history category is VI. Applegate's underlying offense is a Class C felony. Applegate could be incarcerated for up to 24 months. Applegate could be ordered to remain on supervised release for up to 30 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

## III. Analysis

Pursuant to 18 U.S.C. § 3583(e)(3), Applegate's supervised release should be revoked. Applegate should be sentenced to custody for 8 months, with 22 months of supervised release to follow. During the term of supervised release, Applegate shall be placed in a secure substance abuse treatment facility for a term up to 60 days at the direction of his probation officer. Upon completion of substance abuse treatment, Applegate shall be placed at a residential re-entry center for a term of up to 180 days, at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Applegate that the above sentence would be recommended to the United States District Judge Donald Molloy. The Court also informed Applegate of his right to object to these Findings and Recommendations

within 14 days of this issuance. The Court explained to Applegate that Judge Molloy would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That CHRISTOPHER CODY APPLEGATE has violated the conditions of his supervised release by: (2) failing to comply with substance abuse testing requirements on August 31, 2026, by using synthetic urine; (3) using marijuana on or about August 25, 2026; and (4) using methamphetamine from approximately October 2, 2026, to October 15, 2026 and using marijuana on October 13, 2026.

The Court **RECOMMENDS**:

That the District Court revoke Applegate's supervised release and sentence Applegate to custody for 8 months, with 22 months of supervised release to follow. During the term of supervised release, Applegate shall be placed in a secure substance abuse treatment facility for a term up to 60 days at the direction of his probation officer. Upon completion of substance abuse treatment, Applegate shall be placed at a residential re-entry center for a term of up to 180 days, at the direction of his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 21st day of October 2026.

John Johnston
United States Magistrate Judge